WESTERN DIST.
Oct. 1838.

KIMBALL'S
ADMINISTRATOR
vs.
DUNN'S HEIRS.

</div>

KIMBALL'S ADMINISTRATOR vs. DUNN'S HEIRS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF NATCHI-TOCHES.

The *residence* of an appellee may be shown, *aliunde*, by affidavit offered in the Supreme Court, to be in another state, and service of the process of appeal on his attorney will be good, notwithstanding he states in his original petition that " he is a resident" of the state.

In making service of petition and citation of appeal on the attorney of the appellee, the sheriff need not state the name, age and condition of the person he left them with at the attorney's domicil. It is only necessary to return, that he left them at his domicil.

The sheriff's return is not required to state, that copies of citation and petition of appeal were left at the *usual* domicil of the appellee, when it is not shown he had several domicils.

A curator *ad hoc* must be appointed to *minors*, or other persons intended to be sued, and who are without a curator *ad litis*, or who are absent and not represented in the state.

A reasonable time will be allowed for the return of a commission sent to a distant parish to take evidence; in a court of probates, sitting monthly, a continuance should be granted with more facility than in a district court which only sits semi-annually.

WESTERN DIST.
*Oct.* 1838.

KIMBALL'S
ADMINISTRATOR
*vs.*
DUNN'S HEIRS.

This is an action instituted by the administrator of Jonathan R. Kimball, deceased, to recover from the heirs of John R. Dunn, Esq., deceased, the amount of moneys collected by him, as the attorney of Kimball's succession, and not paid over. The heirs of Dunn all reside out of the state, and suit was instituted against Carr and Campbell, attorneys at law, residing in Natchitoches, as the *attorneys in fact,* of Dunn's heirs. Three of the heirs were admitted to be minors, and a curator *ad hoc* was prayed for to represent them, and accordingly appointed. Judgment was then prayed against the attorneys in fact in that capacity, for the sum of two thousand nine hundred and five dollars, the amount alleged to be due by Dunn to the estate of Kimball.

Service of the petition was accepted by Carr and Campbell, attorneys in fact of the heirs of Dunn. Suit was commenced, service accepted, and judgment by default entered, all at the November term, 1837, of the Probate Court. On the next day, the suit was continued by consent.

At a subsequent term, to wit, 22d January, 1838, the judgment by default was set aside ; an answer filed to the merits, and an order made for leave to take testimony generally, with a peremptory rule to try the case at the next *term,* to which it was continued.

The attorneys, who are made defendants, pleaded the general issue, and set up a demand against the plaintiff in compensation and reconvention, amounting to three thousand two hundred 'and fifty-two dollars, according to an account annexed, for which they pray judgment.

On the same day an affidavit was filed and a commission asked for to take the testimony of a Mr. White, in New-Orleans.

At the February term of the court, an order was made, appointing Carr and Campbell curators *ad hoc,* to represent, in that capacity, the minor heirs of Dunn, and due service thereof made on them.

At the March term, the cause was called for trial. The defendants objected to going into the trial, on the ground, that the delay allowed for answering had not elapsed ;

whereupon the counsel for the plaintiff moved to rescind the <span style="float:right">WESTERN DIST.</span>
order appointing the curators *ad hoc*, which motion was <span style="float:right">*Oct.* 1838.</span>
opposed by the defendants' counsel, because it was necessary <span style="float:right">KIMBALL'S</span>
that the minor heirs should be represented, inasmuch as they <span style="float:right">ADMINISTRATOR</span>
had a plea in reconvention pending ; but the court sustained <span style="float:right">*vs.*</span>
the motion and revoked the order, to which the defendants' <span style="float:right">DUNN'S HEIRS.</span>
counsel excepted.

At the same time the defendants moved for a continuance, on the ground, that a commission, which had issued in February, and sent to one of the associate judges in New-Orleans, to take the testimony of White, had not been returned ; but the court refused the motion, on the ground, that it did not appear that proper diligence had been used, to which refusal the defendants took their bill of exceptions. The clerk's testimony was taken on this motion, to show the diligence used, in which he states, that the commission was taken out the 12th February, and after regular service on the adverse party, and three days delay allowed to propound interrogatories, it was sealed up and sent by a steamboat, directed to the Hon. O. P. Jackson, in New-Orleans, about the 20th February. This was done at the request of one of the counsel of the defendants, in order to expedite the execution and return of the commission, the steamboat going and returning quicker than the mails. It was also shown, that the commission came speedily to the judge's hands, but had not been returned when the case was called for trial.

On the merits, and after hearing the evidence adduced by the parties, the probate judge rendered judgment for the plaintiff in the sum of ten hundred and twenty-six dollars, from which the defendants appealed.

Service of the appeal was made on one of the attorneys of the appellee, " by leaving copies of the petition and citation at his domicil, with his wife ;" and an affidavit offered in this court, of a disinterested person, to show that the appellee resided out of the state.

*Morse* and *Roysdon*, for the plaintiff, moved to dismiss the appeal, because the sheriff's return stated the service was

WESTERN DIST.
Oct. 1838.

KIMBALL'S
ADMINISTRATOR
vs.
DUNN'S HEIRS.

made by serving " a copy of the petition and citation upon the wife of P. A. Morse, attorney for the plaintiff, at his domicil, personally," when by law service of the petition and citation in appeal, should have been made personally on the appellee, as he states in his petition that he is " of the city of New-Orleans," in this state. Code of Practice, article 582.

2. The sheriff's return does not state the name of the person with whom copies were left, only that it was the wife of the attorney.

3. The service is bad, because the return states that a copy was left at the domicil of the attorney, without stating it to be his usual domicil.

4. No affidavit can be received of the non-residence of the appellee ; and it would be contradicting the record to receive it, inasmuch as he states in his petition that he " is of New-Orleans" in this state. Code of Practice, article 189, 201, 582, 584. 4 Martin, N. S., 238. 5 Ibid., 427. 6 Ibid., 309. 8 Ibid., 282. 6 Louisiana Reports, 138.

5. On the merits, the judgment is fully sustained by the evidence, and should be affirmed.

Sherburne, for the defendants, stated, that service of the petition and citation of appeal was properly made on the attorney of the appellee, by leaving copies at his domicil, when it is shown by the affidavit of Curtis, filed in this court, that the appellee resides in Mississippi. Code of Practice, 582.

2. The defendant's motion for a continuance was improperly overruled at the trial, and the cause should, therefore, be remanded. The case was not, in fact, ready for trial.

Martin, J., delivered the opinion of the court.

The dismissal of the appeal is prayed for, on a suggestion, that the appellee, as it appears from the record, is a resident of New-Orleans, and the citation and petition of appeal has been served on his attorney.

2. That the sheriff's return does not state the name of the person with whom the copies of the petition and citation were left.

WESTERN DIST.
Oct. 1838.

KIMBALL'S
ADMINISTRATOR
vs.
DUNN'S HEIRS.

3. That the return states the copies were left at the domicil of the attorney, without stating it to be his *usual* domicil.

I. The residence of the appellee may be proved *aliunde*, than by his own statement in the petition. The appellant has filed the affidavit of an indifferent person, stating that the appellee resides in the state of Mississippi. In such a case the service may be well made on his attorney.

II. The article 582 of the Code of Practice, directs the service of petition and citation of appeal, to be made on the attorney, by delivering him copies, or leaving them at his *usual domicil*, without requiring, as is done in petitions and citations in original suits, that the sheriff should state the names of the person, &c., to whom he delivers them.

III. When the sheriff's return states, that copies have been left at the domicil of the party, it may be shown that he had two domicils and the copies were not left at the *usual* one. The presumption, however, is, that a man has not several domicils. As it is not alleged in this case, that the attorney had several domicils, it was useless to add, that copies were left at his *usual* one.

The appeal must, therefore, be sustained.

Our attention is first drawn to a bill of exception taken by the appellants, to the rescission of an order appointing cura- tors, *ad hoc*, to the minor heirs of Dunn, defendants in the suit, which was brought against their attorneys in fact. It appears to us the court erred. The appointment of a *curator ad hoc*, was required by the Code of Practice, article 116, which says, " if the *minor*, whether under or above the age of puberty, against whom one intends to institute a suit, has no tutor, nor curator *ad lites*, the plaintiff must demand that a curator, *ad hoc*, be named to defend the suit. The same course must be pursued, if the person intended to be sued, *be absent and not represented in the state.*"

The order, appointing a curator *ad hoc* to the minor heirs of Dunn, must be reinstated.

We mean not to express any opinion on a question presented in this case, but which has not been raised in

*Marginal side notes:*

The *residence* of an appellee may be shown, *aliunde*, by affidavit offered in the Supreme Court, to be in another state, and service of the process of appeal on his attorney will be good, notwithstanding he states in his original petition that "he is a resident" of the state.

In making service of petition and citation of appeal on the attorney of the appellee, the sheriff need not state the name; age, and condition of the person he left them with at the attorney's domicil. It is only necessary to return that he left them at his domicil.

The sheriff's return is not required to state that copies of citation and petition of appeal were left at the *usual* domicil of the appellee, when it is not shown he had several domicils.

A curator *ad hoc* must be appointed to minors or other persons intended to be sued, and who are without a tu-

WESTERN DIST.
Oct. 1838.

KIMBALL'S
ADMINISTRATOR
vs.
DUNN'S HEIRS.

*tor or curator ad litis, or who are absent and not represented in the state.*

either court, to wit : whether a suit can be brought against an attorney in fact, especially when his alleged principals are minors ?

Our attention is next drawn to a bill of exception of the defendants and appellants, to the refusal of the court to grant a continuance, on the ground that they had not used proper diligence in procuring the return of a commission to take testimony.

*A reasonable time will be allowed for the return of a commission sent to take evidence. In a court of Probates, sitting monthly, a continuance should be granted with more facility than in a district court which only sits semi-annually.*

The commission was sent to New-Orleans, about the 20th February, by a steam-boat, and soon reached the hands of the commissioner. The cause was called for trial on the 26th of March following. It does not appear that more than a month elapsed between the time when the commission was received by the commissioner and the day of trial. Although in many cases, a month may be sufficient for the execution and transmission of a commission, circumstances may often retard its arrival beyond that period. In a court of probates which sits monthly, a continuance ought to be granted with more indulgence and facility, than in a district court which only sits semi-annually.

It appears to us the continuance ought not to have been refused. It is true, there was a peremptory rule for the trial of this case in March. On such a rule the court may be more strict, but is not prevented from granting a continuance if it believes justice will be promoted thereby.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Court of Probates, be annulled, avoided and reversed, and the cause remanded for a new trial, according to law ; the plaintiff and appellee paying the costs of the appeal.